UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **TRUSTEES OF THE SHEET METAL WORKERS LOCAL UNION NO. 20 WELFARE AND BENEFIT FUND**<br><br>and<br><br>**TRUSTEES OF THE SHEET METAL WORKERS LOCAL UNION NO. 20 DEFINED CONTRIBUTION PENSION FUND**<br><br>    Plaintiffs,<br><br>v.<br><br>**PURE FABRICATION & SHEET METAL LLC**<br><br>**PURE CONTRACTING LLC**<br><br>**PURE CONSTRUCTION LLC**<br><br>    Defendants. | Case No.  1:25-cv-1997 |

# COMPLAINT

1.      Plaintiffs are the Trustees of the Sheet Metal Workers Local Union No. 20 Welfare and Benefit Fund and Trustees of the Sheet Metal Workers Local Union No. 20 Defined Contribution Pension Fund (collectively, "the Funds"). Defendants, Pure Fabrication & Sheet Metal LLC, Pure Contracting LLC, and Pure Construction LLC are employers obligated to make contributions to the Funds based upon a contractually agreed rate, so that Defendants' covered employees may participate in and receive the employee benefits through the Funds. Plaintiffs bring this action on behalf of the participants and beneficiaries of the Funds for the purpose of collecting

1

contributions and also to obtain Defendants' cooperation with an audit of its records, in order to confirm that they have paid all required contributions to the Funds.

## JURISDICTION AND VENUE

2.      This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq.  Jurisdiction is conferred upon this Court pursuant to ERISA §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145, as this is a suit against an employer for failing to make required contributions to an employee benefit fund. Jurisdiction is also conferred upon this Court pursuant to Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a), as this suit alleges violations of a collective bargaining agreement involving an employer and labor organization.

3.      Venue is appropriate in this Court under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2) because the Funds are administered within the jurisdiction of the U.S. District Court for the Southern District of Indiana, Indianapolis Division.

## PARTIES

4.      The Plaintiffs are trustees of the Funds, which are multiemployer benefit plans and employee welfare benefit plans within the meaning of ERISA §§ 3(1), (37), 29 U.S.C. §§ 1002(1). The Funds are administered in Marion County, Indiana.

5.      Defendant, Pure Fabrication & Sheet Metal LLC, is an Indiana limited liability company with its principal place of business located in Allen County, Indiana. At all relevant times, Defendant was an employer as defined in LMRA § 2(2), 29 U.S.C. § 152(2) and ERISA § 3(5), 29 U.S.C. § 1002(5). Defendant was engaged in interstate commerce and affecting commerce as defined in ERISA § 3(11) and (12), 29 U.S.C. § 1002(11) and (12).  Prior to July 2, 2024, Pure

Fabrication & Sheet Metal LLC was known as Pure Mechanical LLC, as evidenced by public filings with the Indiana Secretary of State.

6. Defendant, Pure Contracting LLC, is an Indiana limited liability company with its principal place of business located in Allen County, Indiana. At all relevant times, Defendant was an employer as defined in LMRA § 2(2), 29 U.S.C. § 152(2) and ERISA § 3(5), 29 U.S.C. § 1002(5). Defendant was engaged in interstate commerce and affecting commerce as defined in ERISA § 3(11) and (12), 29 U.S.C. § 1002(11) and (12).

7. Defendant, Pure Construction LLC, is an Indiana limited liability company with its principal place of business located in Allen County, Indiana. At all relevant times, Defendant was an employer as defined in LMRA § 2(2), 29 U.S.C. § 152(2) and ERISA § 3(5), 29 U.S.C. § 1002(5). Defendant was engaged in interstate commerce and affecting commerce as defined in ERISA § 3(11) and (12), 29 U.S.C. § 1002(11) and (12).

## THE TRUST FUNDS

8. The Sheet Metal Workers Local Union No. 20 Welfare and Benefit Fund ("Health Fund") was established by an Agreement and Declaration of Trust ("Health Fund Trust Agreement") for the purpose of providing healthcare benefits to eligible employees. (Exhibit 1, Health Fund Trust Agreement, Art. III, Section 3.18, at p. 29). The Health Fund is an "employee welfare benefit plan" as defined by ERISA §§ 3(1) and 3(3); 29 U.S.C. § 1002(1). The Health Fund is a multi-employer plan as defined by ERISA §§ 3(37) and 4001(a)(3); 29 U.S.C § 1002(37).

9. The Health Fund is administered by a joint Board of Trustees composed of an equal number of employee and employer representatives, as required by LMRA § 302(c)(5), 29 U.S.C § 186(c)(5). The Health Fund Board of Trustees is the "plan sponsor" of the Health Fund as defined by 29 U.S.C. § 1002(16)(B)(iii).

10. The Health Fund Board of Trustees is vested with the authority to collect employer contributions due to the Health Fund. (Exhibit 1, Health Fund Trust Agreement, Art. VI, Section 6.01, at p. 21).

11. The Sheet Metal Workers Local Union No. 20 Defined Contribution Pension Fund ("DC Fund") was established by an Agreement and Declaration of Trust ("DC Fund Trust Agreement") for the sole purpose of providing pension benefits to certain eligible employees and their beneficiaries. (Exhibit 2, DC Fund Trust Agreement, Art. II, at p. 5). The DC Fund is an "employee pension benefit plan" as defined by ERISA §§ 3(2) and 3(3); 29 U.S.C. § 1002(2). The DC Fund is a multi-employer plan as defined by ERISA §§ 3(37) and 4001(a)(3); 29 U.S.C § 1002(37).

12. The DC Fund is administered by a joint Board of Trustees composed of an equal number of employee and employer representatives, as required by Section 302(c)(5) of the LMRA, 29 U.S.C § 186(c)(5). The DC Fund Board of Trustees is the "plan sponsor" of the DC Fund as defined by 29 U.S.C. § 1002(16)(B)(iii).

13. The DC Fund Board of Trustees is vested with the authority to collect employer contributions due to the DC Fund. (Exhibit 2, DC Fund Trust Agreement, Art. III, Sec. 1at p. 7).

14. The Funds have adopted Collection Policies and Procedures, governing the collection of contributions and other amounts owed to the funds, as well as the conduct of employer audits. (Exhibit 3, Health Fund Collection Policy; Exhibit 4, DC Fund Collection Policy).

15. On June 6, 2024, Defendant Pure Contracting LLC, through its President of Operations, executed an assent to the collective bargaining agreement ("CBA") then in force between the Fort Wayne Area Contractors Association and the International Association of Sheet Metal, Air, Rail and Transportation Workers. (Exhibit 5).

16. As an employer bound by the CBA, Pure Contracting LLC became obligated to submit timely reports of the hours worked by covered employees and to make certain contributions to the Health and DC Funds. (Exhibit 5, Addendum VIII, Section 2(a)(1), at p. 33, Addendum VIII, Section 2(j), at p. 35-36 and Addendum VIII Section, 5(a), at p.36-37)

17. Defendants, Pure Construction LLC and Pure Fabrication & Sheet Metal LLC (f/k/a Pure Mechanical LLC), have manifested assent to the CBA by employing employees within the bargaining unit of the CBA, on the terms provided in the CBA, to perform work covered by the CBA.

18. Defendant Pure Fabrication & Sheet Metal LLC (f/k/a Pure Mechanical LLC) has further manifested assent to the CBA by reporting covered work and remitting contributions to Plaintiffs, and by furnishing a surety bond, as required by the CBA. (Exhibit 6, Surety Bond).

19. Upon information and belief, all three Defendant companies are under common ownership and management and share employees and resources in the performance of work covered under the CBA.

20. Despite having a contractual obligation to submit monthly reports of covered hours worked and to remit contribution payments, Defendants have failed to report all hours worked by covered employees and have similarly failed to remit all contribution payments due.

21. An audit of all three Defendants must be completed to confirm the amounts owed to Plaintiffs for covered work performed by Defendants' employees and subcontractors.

## COUNT I
### Alter Ego – Pure Construction, LLC

22. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

23. Pure Construction LLC is related to Pure Contracting, LLC and performs bargaining unit work covered under the CBA.

24. Pure Construction LLC is a disguised continuance of Pure Contracting LLC and/or participated with Pure Contracting LLC in avoiding its obligations under the CBA and Trust Agreements, by performing work covered without remitting corresponding benefit contributions.

25. Pure Construction LLC is an alter ego of Pure Contracting LLC and is bound to the CBA under a single or joint employer theory.

26. In the alternative, by its actions, Pure Construction LLC has independently manifested its assent to be bound by the CBA.

27. Accordingly, Plaintiffs are entitled to an order finding that Pure Constructing LLC is bound to the terms of the CBA and Trust Agreements.

## COUNT II
### Alter Ego – Pure Fabrication & Sheet Metal, LLC

28. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

29. Pure Fabrication & Sheet Metal LLC (formerly known as Pure Mechanical LLC) is related to Pure Contracting, LLC and performs bargaining unit work covered under the CBA.

30. Pure Fabrication & Sheet Metal LLC is a disguised continuance of Pure Contracting LLC and/or participated with Pure Contracting LLC in avoiding its obligations under the CBA and Trust Agreements, by performing work covered without remitting corresponding benefit contributions

31. Pure Fabrication & Sheet Metal LLC is an alter ego of Pure Contracting LLC and is bound to the CBA under a single or joint employer theory.

32. In the alternative, by its actions, Pure Fabrication & Sheet Metal LLC has independently manifested its assent to be bound by the CBA.

33. Accordingly, Plaintiffs are entitled to an order finding that Pure Fabrication & Sheet Metal LLC is bound to the terms of the CBA and Trust Agreements.

## COUNT III
### Failure to Remit Contributions/Reports – All Defendants
### ERISA § 515, 29 U.S.C. § 1145

34. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

35. At all relevant times, Defendants were bound by the terms of the CBA.

36. The CBA binds Defendants to the terms of the Health and DC Trust Agreements. (Exhibit 5, CBA, Addendum VIII, Sections 2(a)(2), 2(j) and 7(b), at pp. 33, 35,38).

37. Pursuant to the CBA, Health Trust, and DC Trust, and collection policies adopted by the Funds, Defendants are required to submit accurate monthly reports of covered hours worked and remit full and correct contribution payments to the Funds. (Exhibit 5; CBA, Addendum VIII, Sections 2(a)(1), 2(j), and 5(a) at pp. 33, 35, 36, 37; Exhibit 1, Health Fund Trust Agreement, Art. VI, Section 6.03 at p. 21; Exhibit 2, DC Fund Trust Agreement, Art. III, Section 3 at p. 7; Exhibits 3-4, Collection Policies).

38. Plaintiffs have a duty to collect contributions owed to the Funds.

39. Defendants may also be subject to payroll audits as may be deemed appropriate by Plaintiffs. Defendants are required to provide in connection with such audits any and all records that may be required to complete such audits. (Exhibit 1, Health Fund Trust Agreement, Art. VI, Section 6.06, at p. 22; Exhibit 2, DC Fund Trust Agreement, Art. III, Section 6, at p. 8; Exhibits 3-4, Collection Policies; Exhibit 5; CBA, Addendum VIII, Section 3, at p. 36).

40. The CBA requires Defendants to submit all monthly reports and contributions on or before the 20th day of the month following the month in which work was performed. In the event that contributions are not made by the due date, they are delinquent. (Exhibits 3-4, Collection Policies; Exhibit 5, CBA, Addendum. VIII, Section 5(a), at p. 36).

41. Defendants failed to timely report all hours of covered work performed and timely remit all contribution payments as required by the CBA, Trust Agreements, and collection policies.

42. The Funds' Collection Policies provide that, in an Employer is delinquent, the Trustees may infer the Employer's contribution liability using reasonable assumptions. (Exhibit 3-4, Collection Policies, p. 1).

43. Defendants' actions are in violation of ERISA § 515, 29 U.S.C. § 1145, and Defendants are therefore liable for delinquent contributions, liquidated damages, accrued and accruing interest, and attorney's fees pursuant to ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2).

## COUNT IV
### Breach of Contract & Failure to Remit Contributions – All Defendants
### LMRA § 301, 29 U.S.C. § 185

44. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

45. At all relevant times, Defendants were bound by the terms of the CBA.

46. The CBA binds Defendants to the terms of the Health and DC Trust Agreements. (Exhibit 5, CBA, Addendum VIII, Sections 2(a)(2), 2(j) and 7(b), at pp. 33, 35,38).

47. Pursuant to the CBA, Health Trust, DC Trust, and collection policies adopted by the Funds, Defendants are required to submit accurate monthly reports of covered hours worked and remit full and correct contribution payments to the Funds. (Exhibit 5; CBA, Addendum VIII, Sections 2(a)(1), 2(j), and 5(a) at pp. 33, 35, 36, 37; Exhibit 1, Health Fund Trust Agreement, Art. VI, Section 6.03, at p. 21; Exhibit 2, DC Fund Trust Agreement, Art. III, Section 3 at p. 7; Exhibits 3-4, Collection Policies).

48. Plaintiffs have a duty to collect contributions owed to the Funds.

49. Defendants may also be subject to payroll audits as may be deemed appropriate by Plaintiffs. Defendants are required to provide in connection with such audits any and all records

that may be required to complete such audits. (Exhibit 1, Health Fund Trust Agreement, Art. VI, Section 6.06, at p. 22; Exhibit 2, DC Fund Trust Agreement, Art. III, Section 6, at p. 8; Exhibits 3-4, Collection Policies; Exhibit 5; CBA, Addendum VIII, Section 3, at p. 36).

50. The CBA requires Defendants to submit all monthly reports and contributions on or before the 20th day of the month following the month in which work was performed. In the event that contributions are not made by the due date, they are delinquent. (Exhibits 3-4, Collection Policies; Exhibit 5, CBA, Addendum VIII, Section 5(a), at p. 36).

51. Defendants failed to timely report all hours of covered work performed and timely remit all contribution payments as required by the CBA, Trust Agreements, and collection policies.

52. The Funds' Collection Policies provide that, in an Employer is delinquent, the Trustees may infer the Employer's contribution liability using reasonable assumptions. (Exhibit 3-4, Collection Policies, p. 1).

53. Defendants' actions are in violation of the CBA, Trust Agreements, and Collection Policy, and Defendants are therefore liable for delinquent contributions, liquidated damages, interest and attorney fees and costs pursuant to LMRA § 301, 29 U.S.C. § 185.

**COUNT V**
**Failure to Pay Liquidated Damages and Interest – All Defendants**
**ERISA § 515, 29 U.S.C. § 1145**

54. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

55. At all relevant times, Defendants were bound by the terms of the CBA.

56. The terms of the CBA require Defendants to make contributions to the Funds. (Exhibit 5; CBA, Addendum VIII, Sections 2(a)(1), 2(j), and 5(a) at pp. 33, 35, 36, 37). The CBA also binds Defendant to the terms of the Funds' Trust Agreements. (Exhibit 5, CBA, Addendum VIII, 2(a)(2), 2(j) and 7(b), at pp. 33, 35,38).

57. The Plaintiffs have a duty to collect contributions owed to the Funds.

58. Pursuant to the CBA, Health Trust, DC Trust and collection policies adopted by Plaintiffs, Defendants are required to submit accurate monthly reports of covered hours worked and remit full and correct contribution payments. (Exhibit 5; CBA, Addendum VIII, Sections 2(a)(1), 2(j), and 5(a) at pp. 33, 35, 36, 37; Exhibit 1, Health Fund Trust Agreement, Art. VI, Section 6.03 at p. 21; Exhibit 2, DC Fund Trust Agreement, Art. III, Section 3 at p. 7; Exhibits 3-4, Collection Policies).

59. The CBA requires Defendants to submit all monthly reports and contributions on or before the 20th day of the month following the month in which work was performed. In the event that contributions are not made by the due date, they are delinquent.  (Exhibits 3-4, Collection Policies; Exhibit 5, CBA, Addendum VIII, Section 5(a), at p. 36). If monthly work reports and contributions are delinquent and payment is not made by the last day of the month after the work was performed, liquidated damages of 15% are assessed. (Exhibits 3-4, Collection Policies, ¶ 5). Delinquent contributions are also subject to 1.5% monthly interest beginning on the due date. Id. at ¶ 9.

60. Defendants failed to timely report all hours and timely remit all contribution payments for covered work, as required by the CBA, Trust Agreements, and collection policies. As such, Plaintiffs are entitled to liquidated damages and interest on Defendants' delinquent contributions.

61. Defendants' actions violate ERISA § 515, 29 U.S.C. § 1145 and Plaintiffs, therefore, are entitled to liquidated damages and/or late fees pursuant to ERISA § 502(g)(2)(C)(ii), 29 U.S.C. § 1132(g)(2)(C)(ii).

## COUNT VI
### Breach of Contract & Failure to Pay Liquidated Damages and Interest – All Defendants
### LMRA § 301, 29 U.S.C. § 185

62. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

63. At all relevant times, Defendants were bound by the terms of the CBA.

64. The terms of the CBA require Defendants to make contributions to the Funds. (Exhibit 5; CBA, Addendum VIII, Sections 2(a)(1), 2(j), and 5(a) at pp. 33, 35, 36, 37). The CBA also binds Defendant to the terms of the Funds' Trust Agreements. (Exhibit 5, CBA, Addendum VIII, Sections 2(a)(2), 2(j) and 7(b), at pp. 33, 35,38).

65. The Plaintiffs have a duty to collect contributions owed to the Funds.

66. Pursuant to the CBA, Health Trust, DC Trust and collection policies adopted by Plaintiffs, Defendants are required to submit accurate monthly reports of covered hours worked and remit full and correct contribution payments. (Exhibit 5; CBA, Addendum VIII, Sections 2(a)(1), 2(j), and 5(a) at pp. 33, 35, 36, 37; Exhibit 1, Health Fund Trust Agreement, Art. VI, Section 6.03 at p. 21; Exhibit 2, DC Fund Trust Agreement, Art. III, Section 3 at p. 7; Exhibits 3-4, Collection Policies).

67. The CBA requires Defendants to submit all monthly reports and contributions on or before the 20th day of the month following the month in which work was performed. In the event that contributions are not made by the due date, they are delinquent. (Exhibits 3-4, Collection Policies; Exhibit 5, CBA, Addendum VIII, Section 5(a), at p. 36). If monthly work reports and contributions are delinquent and payment is not made by the last day of the month after the work was performed, liquidated damages of 15% are assessed. (Exhibits 3-4, Collection Policies, ¶ 5). Delinquent contributions are also subject to 1.5% monthly interest beginning on the due date. Id. at ¶ 9.

68. Defendants failed to timely report all hours and timely remit all contribution payments for covered work, as required by the CBA, Trust Agreements, and collection policies. As such, Plaintiffs are entitled to liquidated damages and interest on Defendants' delinquent contributions.

69. Defendant's actions are in breach of the CBA, Trust Agreements, and collection policies, and Plaintiffs, therefore, are entitled to liquidated damages and interest pursuant to LMRA § 301, 29 U.S.C. § 185.

## COUNT VII
### Order Compelling Payroll Audit – All Defendants
### ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E)

70. Plaintiffs reallege each averment set forth as if fully rewritten herein.

71. At all relevant times, Defendants were bound by the terms of the CBA.

72. In turn, the CBA binds Defendants to the terms of the Funds' Trust Agreements. (Exhibit 5, CBA, Addendum VIII, Sections 2(a)(2), 2(j) and 7(b), at pp. 33, 35,38).

73. Pursuant to the CBA, Health Trust and DC Trust and collection policies adopted by Plaintiffs, Defendants are required to submit accurate monthly reports of covered hours worked and remit full and correct contribution payments. (Exhibit 5; CBA, Addendum VIII, Sections 2(a)(1), 2(j), and 5(a) at pp. 33, 35, 36, 37; Exhibit 1, Health Fund Trust Agreement, Art. VI, Section 6.03 at p. 21; Exhibit 3, DC Fund Trust Agreement, Art. III, Section 3 at p. 7; Exhibits 3-4, Collection Policies).

74. Pursuant to the terms of the CBA and the Collection Policies, Defendants may be required to submit to a payroll audit to verify Defendants' compliance. Defendants are required to provide any and all records that may be required to complete such audit. (Exhibit 1, Health Fund Trust Agreement, Art. VI, Section 6.06, at p. 22; Exhibit 2, DC Fund Trust Agreement, Art. III,

Section 6, at p. 8; Exhibits 3-4, Collection Policies; Exhibit 85; CBA, Addendum VIII, Section 3, at p. 36).

75. Plaintiffs have no way of verifying, absent an audit, the number of covered hours worked by Defendants' employees. Therefore, Plaintiffs have no way of ascertaining the precise amount owed in delinquent contributions, late fees, and interest.

76. The Funds' collection policies provide that, in the event an audit discloses a discrepancy, the employer will be responsible for the costs of the audit. (Exhibits 3-4, ¶ 19).

77. In accordance with the terms of the CBA, Trust Agreements, and Audit Policy, Plaintiffs are entitled to an order compelling Defendants to submit to a payroll audit pursuant to ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E).

**WHEREFORE**, Plaintiffs demand the following relief:

A. An Order finding that each Defendant be held jointly and severally liable as alter ego entities bound to the CBA and as such, be required to pay all contributions and related amounts owing to Plaintiffs;

B. Judgment against the Defendant requiring Defendants to submit to a payroll audit to determine amounts that may be due and owing to Plaintiffs;

C. Judgment in favor of Plaintiffs and against Defendants for unpaid and delinquent contributions owed by Defendants for covered work, in such amounts as may be determined by audit or otherwise, including unpaid contributions which should accrue during the pendency of this action, as provided under ERISA § 502(g), 29 U.S.C. § 1332(g)(2)(A);

D.    Judgment on behalf of Plaintiffs and against Defendants for accumulated interest at the rate of 1.5% per month for late delinquent contributions from their respective due dates, and liquidated damages equal to 15% of the delinquent contributions;

E.    Judgment for Plaintiffs' audit costs, in accordance with the Funds' collection policies;

F.    An award of reasonable attorney's fees incurred in connection with the collection of the unpaid amounts as provided for by the terms of the agreements and ERISA § 502(g), 29 U.S.C. § 1132(g)(2)(D); and

G.    Any other legal or equitable relief which the Court deems just as provided for under ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E), pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

Dated: October 1, 2025

Respectfully submitted,

**LEDBETTER PARTNERS LLC**

s/ Thomas R. Kendall
Thomas R. Kendall (26859-15)
5078 Wooster Road, Suite 400
Cincinnati, OH 45226
937-619-0900
937-619-0999 (fax)
tkendall@fringebenefitlaw.com
*Counsel for Plaintiffs*